IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
[NORTHERN DIVISION]

TRISHA L. DONAKOWSKI

        Plaintiff,

vs.

                                      File No. 22 _____-CV
                                        HON:

BAY AREA MANAGEMENT SERVICES INC.,
D/B/A/ BAY STREET ORTHOPEDICS & SPINE,

        Defendant.

_____/

HURLBURT, TSIROS & ALLWEIL P.C.
BY: MANDEL I. ALLWEIL
Attorney for Plaintiff
821 South Michigan Avenue
P.O. Box 3237
Saginaw, Michigan 48605-3237
(989) 790-3221

_____/

## COMPLAINT AND JURY DEMAND

      NOW COMES the Plaintiff TRISHA DONAKOWSKI by and through her attorneys, the Law Offices of HURLBURT, TSIROS, & ALLWEIL, P.C., and shows onto this Court as follows:

## GENERAL ALLEGATIONS AND JURISDICTION

1.

      The Plaintiff, Trisha Donakowski, is a forty-one (41) year old (d/o/b/ 12/31/80) resident of the city of Gaylord, County of Otsego, State of Michigan.

2.

That Defendant BAY AREA MANAGEMENT SERVICES INC., D/B/A/ Bay Street Orthopedics & Spine (hereinafter BSOS), is an entity that conducts business in Michigan in various locations including Gaylord, Charlevoix, Roger City, and Petoskey with its principal place of business at 4048 Cedar Bluff Drive., Ste. 1, Petoskey, MI 49770. and has Dr. Alfred J. Wrobleswski as its Registered Agent at 4048 Cedar Bluff Drive, Ste. 1, Petoskey MI. 48770.

3.

This Complaint involves, in part, an action to enforce civil rights that have been denied, and that said denial of civil rights arises out of the Plaintiff's employment relationship with Defendant pursuant to Title VII of the Civil Rights Act of 1964, as Amended, the Civil Rights Act of 1991, regarding retaliation for making claims and being involved in an investigation concerning sexual harassment and age discrimination as well as similar claims pursuant to the Michigan Elliott Civil Rights Act, (ELCRA).

4.

This Court has jurisdiction pursuant to 28 USC 1331, as well as 42 USC 2000E-5 and 29 USC 2617(a)(2).

5.

That Defendant is an employer with over 15 employees as that term is defined within all relevant legislation hereto including but not limited to the Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, and all Amendments thereto to the aforementioned Federal Acts, as well as the ELCRA.

6.

That regarding all relevant claims brought pursuant to Title VII/CRA 1991, the Plaintiff filed the appropriate complaint in a timely manner with the EEOC/Michigan

Department of Civil Rights, and was given a Right to Sue Letter that was mailed on October 14, 2021.

7.

The filing of this Complaint is within the 90-day window prescribed in the Right to Sue Letter.

## BACKGROUND INFORMATION

8.

Plaintiff incorporates all prior paragraphs as repeated word for word.

9.

Plaintiff was hired by BSOS on or about September 16, 2019, for the position of X-Ray Technician.

10.

That the Plaintiff, at all relevant times hereto, worked in the Defendant's Gaylord, Petoskey and Charlevoix Offices, initially working in Petoskey and after several months was transferred to Gaylord, MI

11.

Shortly after the Plaintiff began working for the Defendant, she was given a job appraisal in which she was deemed to either meet or exceed expectations in every category graded except for a single area that she needed improvement.

12.

On January 6, 2021, Josh Ross, a point person in the X-Ray department and a leader in the department, made certain statements that were sexually inappropriate and also that referenced inappropriate statements regarding the Plaintiff's age.

13.

Specifically, Mr. Ross approached the Plaintiff with pamphlets that were intended for individuals who had joint/hip replacements and involved a pamphlet entitled "Sex After Joint Replacement".

14.

Mr. Ross advised the Plaintiff that since she was now over 40, she might want to read the pamphlet (Sex After Joint Replacement).

15.

Mr. Ross also approached the CEO, Justin Blohn, as he was walking by the coffee pot and gave him a pamphlet and said "here is some light reading".

16.

CEO Blohn rolled his eyes, and gave Mr. Ross the pamphlet back, and continued to walk away.

17.

On or about January 13, 2021, Plaintiff sent an email to Julie Sifka, a manager, and complained regarding Mr. Ross' offensive actions.

18.

Julie responded to the Plaintiff thanking her for the information and forwarded the complaint to Jackie Moyer, the HR Director.

19.

On January 14, 2021, in a phone conversation with Plaintiff, Ms. Moyer opined that one should call Mr. Ross' action what it was, "age discrimination and sexual harassment".

20.

On or about January 20, 2021, Mr. Ross was spoken to regarding his comments and he agreed that he would no longer make any such comments.

21.

Indeed, Mr. Ross apologized for making offensive comments.

22.

On or about January 20, 2021, Ms. Moyer advised the Plaintiff that she had talked with Mr. Ross and that he promise that he would not be making anymore inappropriate comments, that he would no longer be doing training, and that he would have to enroll in some form of professional training.

23.

Between January 14, 2021 and January 20, 2021, Plaintiff had no additional contact with Ms. Moyer.

24.

As noted, on January 20, 2021 Mr. Ross was promising to not make any more offensive comments and was being scheduled to undergo professional training.

25.

On January 22, 2021,  Plaintiff was terminated in retaliation for her prior complaints and participation in an investigation of Mr. Ross for allegedly making false claims regarding inappropriate sexual and age-related statements made by Josh Ross.

26.

The statements, complaints, and investigation undertaken as a result of the Plaintiff regarding what Mr. Ross said and did were absolutely true and based on fact.

27.

Without conferring with the Plaintiff, Ms. Moyer determined that the statements of the Plaintiff were not true, and were, instead, made for some alleged retaliatory motive dating months before Plaintiff's complaint of offensive statements by Mr. Ross based on age and sex.

## COUNT I

## VIOLATION OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED AND THE CIVIL RIGHTS ACT OF 1991

28.

Plaintiff reasserts each paragraph, 1-27, as if restated word for word and paragraph for paragraph.

29.

Plaintiff's complaints, and opposition to statements regarding inappropriate sexual comments as well as offensive statements based on her age, is protected activity

pursuant to Title VII of the Civil Rights Act of 1964 as Amended and/or the CRA of 1991.

30.

That shortly after the Plaintiff made the complaints regarding Mr. Ross' inappropriate comments, and her complaints about those comments, Ms. Donakowski was retaliated against and had an adverse action taken against her, specifically she was terminated.

31.

That but for the Plaintiff's complaints about Mr. Ross' offensive, inappropriate, and hostile comments, the Plaintiff would not have been terminated and that the Defendant has acted with malice and/or with reckless indifference to the rights of the Plaintiff.

32.

That as a direct and proximate result of the Defendant's violation of the Title VII of the Civil Rights Act of 1964, as Amended, and the CRA of 1991 as herein before set forth, Plaintiff, Trisha Donakowski, has suffered damages including, but not limited to, loss of income (past and future), loss of employee benefits, including but not limited to, pension, medical, savings, and other retirement benefits, emotional distress, exemplary damages, liquidated and/or punitive damages, costs, expert fees, interest and attorney fees as allowed by the

WHEREFORE, the Plaintiff prays for such damages as may be deemed to be just and fair at the time of trial of this cause including reasonable attorney fees, the damages in each instance being an amount over $25,000.00.

## COUNT II

## VIOLATION OF THE ELLIOTT LARSEN CIVIL RIGHTS ACT

33.

Plaintiff reasserts each paragraph, 1-32, as if restated word for word and paragraph for paragraph.

34.

Like Title VII/ CRA 1991, the ELCRA prohibits retaliation against any person who has opposed a violation of the ELCRA or who has participated in an enforcement procedures.

35.

In this matter the Plaintiff has opposed and participated in an enforcement procedure against the offensive and hostile comments of Mr. Ross.

36.

The Plaintiff opposed violations of the ELCRA and participated in claims she brought against Mr. Ross.

37.

Her opposition and participation to the statements made by Mr. Ross were a significant cause of her termination.

That as a direct and proximate result of the Defendant's violation of ELCRA as herein before set forth, Plaintiff, Trisha Donakowski, has suffered damages including, but not limited to, loss of income (past and future), loss of employee benefits, including but not limited to, pension, medical, savings, and other retirement benefits, emotional distress, exemplary damages, costs, expert fees, interest and attorney fees as allowed by the

WHEREFORE, the Plaintiff prays for such damages as may be deemed to be just and fair at the time of trial of this cause including reasonable attorney fees, the damages in each instance being an amount over $25,000.00.

## COUNT III

## FALSE LIGHT

38.

Plaintiff restates each paragraph, 1-37, as if repeated line for line and word for word.

39.

The Defendant BSOSS, through its agents, made accusations regarding the Plaintiff to employees and coworkers that Ms. Donakowski was terminated for making a false sexual harassment claim.

40.

The fact that was disclosed, that the Plaintiff had made a false sexual harassment claim is not true.

41.

That the false light that the Plaintiff was put would be highly offensive to a reasonable person and especially offensive and damaging to a reasonable person and especially offensive to a person who works as an X-ray Technician and must, by necessity, have contact with various other professionals in an office and/or hospital setting.

42.

That the Defendant, and its agents, had knowledge that the accusations were not true and/or acted in reckless disregard of the falsity of the publicized fact and the false light in which the plaintiff would be placed.

43.

Defendant acted negligently and with malice in failing to follow-up to determine if their allegations were true before divulging this information to an individual and/or a group of people who had no need or right to be told this information.

44.

Defendant intentionally and recklessly misstated facts to an individual and/or groups of individuals, that the Plaintiff had filed a false sexual harassment complaint.

45.

Whatever qualified privilege the Defendant may had had did not extend to co-workers at BSOS.

46.

Defendant engaged in the above-described wrongful actions knowingly, maliciously, and oppressively, with hatred and ill-will toward the Plaintiff, intending to falsely place Plaintiff in a

**false light** before the public and wrongfully and illegally associated the Plaintiff's name and reputation with being a person who would falsely accuse a co-worker of sexual harassment and/or creating a sexually hostile work environment and/or similar statement regarding age related issues, that any reputable hospital or medical office would not want to be affiliated with.

.

47.

As a direct and proximate result of Defendant's untruthful and slanderous per se statements against the Plaintiff, the Defendant has placed Plaintiff in a **false light** in the public eye. Because of Defendant's false acts and statements, Plaintiff has been damaged and continues to be damaged. Plaintiff is entitled to recover from Defendant those damages, including but not limited to lost economic benefits including wages, fringe benefits, emotional distress, anxiety, humiliation, public disparagement, special damages and outrage in an amount in excess of $75,000.00.

WHEREFORE, PLAINTIFF prays for such damages as may be deemed to be just and fair at the time of trial in this cause, including reasonable attorney fees, the damages in each instance to be in excess of Seventy-Five Thousand Dollars ($75,000.00).

## COUNT IV.
## SLANDER

48.

Plaintiff restates each paragraph, 1-47, as if repeated line for line and word for word.

49.

The statements made by Ms. Moyer and/or other agents/employees of the Defendant to the effect that the Plaintiff made false claims of sexual harassment is a false and defamatory

statement regarding the Plaintiff published to third parties who, in turn, upon information and belief, also spread these slanderous falsehoods to other individuals and are then blown like sands in the wind.

50.

The statements made by Ms. Moyer and/or other agents/employees of the Defendant were in excess of any qualified privilege as stated above.

51.

The allegations of intentional false claim of sexual harassment is defamatory *per se*.

52.

The actions of the Defendant, through its employees and agents, constituted malice and/or a total disregard or the truth where the Defendant via its agents stated that the Plaintiff had intentionally made false claims of sexual harassment.

53.

As a direct and proximate result of Defendant's untruthful and slanderous per se statements against the Plaintiff, Plaintiff is entitled to recover from Defendant those damages, including but not limited to lost job opportunities, economic benefits including wages, fringe benefits, emotional distress, anxiety, humiliation, public disparagement, special damages and outrage in an amount in excess of $75,000.00.

WHEREFORE, PLAINTIFF prays for such damages as may be deemed to be just and fair at the time of trial in this cause, including reasonable attorney fees, the damages in each instance to be in excess of Seventy-Five Thousand Dollars ($75,000.00).

HURLBURT, TSIROS, & ALLWEIL, P.C.

BY: _____
MANDEL I. ALLWEIL (P34115)
Attorneys for Plaintiff
821 S. Michigan Avenue
P.O. Box 3237
Saginaw, Michigan 48605
(989) 790-3221

Dated: January 3, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
[NORTHERN DIVISION]

TRISHA L. DONAKOWSKI

       Plaintiff,

vs.

       File No. 22 _____-CV
       HON:

BAY AREA MANAGEMENT SERVICES INC.,
D/B/A/ BAY STREET ORTHOPEDICS & SPINE,

       Defendant.

_____/

HURLBURT, TSIROS & ALLWEIL P.C.
BY: MANDEL I. ALLWEIL
Attorney for Plaintiff
821 South Michigan Avenue
P.O. Box 3237
Saginaw, Michigan 48605-3237
(989) 790-3221

_____/

## JURY DEMAND

**PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY**

HURLBURT, TSIROS, & ALLWEIL, P.C.

BY: _____
MANDEL I. ALLWEIL (P34115)
Attorneys for Plaintiff
821 S. Michigan Avenue
P.O. Box 3237
Saginaw, Michigan 48605
(989) 790-3221

January 3, 2022